**IN THE UNITED STATES DISTRICTCOURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **YARITZA RODRIGUEZ, and similarly situated individuals,**<br><br>Plaintiff,<br><br>vs.<br><br>**PARADE MANAGEMENT LIMITED LIABILITY COMPANY a/k/a PARADE ENTERPRISES, LLC, a/k/a BURGER KING, and all other affiliated entities and/or joint employers and BHARAT DESAI, individually, MAHESH PATEL, individually, and BHAVESH PATEL, individually,**<br><br>Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Civil Case No.:**<br><br>**Jury Trial Demanded** |

Named Plaintiff YARITZA RODRIGUEZ ("Rodriguez" or "Named Plaintiff") on behalf of herself and all other similarly situated employees of Defendants, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective and Class Action Complaint against Defendants PARADE MANAGEMENT LIMITED LIABILITY COMPANY a/k/a PARADE ENTERPRISES, LLC, a/k/a BURGER KING, and all other affiliated entities and/or joint employers ("Parade" or Defendants) and BHARAT DESAI, individually, MAHESH PATEL, individually, and BHAVESH PATEL, individually (collectively "Parade Defendants") and alleges as follows:

## INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a

et seq. ("NJWHL"), and other applicable state laws, including New York.

2. Named Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated –who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and as a class action pursuant to Rule 23.

3. Beginning in approximately 2008, and continuing through the present, Defendants engaged in a policy and practice of requiring Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state laws, as well as applicable state laws in New York.

4. The Named Plaintiff has initiated this action on behalf of herself and similarly situated employees employed by Defendants in their New Jersey and New York restaurants, to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL claims, as well as other putative class members' New York claims, pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Named Plaintiff performed non-exempt restaurant duties for the Defendants in New Jersey and based from several of the Defendants' locations in Union and Middlesex Counties, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage restaurants, throughout the tri-state area, as well as purchase materials from vendors in New Jersey as well as from other states throughout the country, including New York. Alternatively, Named Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce.  Thus, Named Plaintiff and those similarly situated employees fall within the protections of the Act.

PARTIES

**Plaintiff**

10. Named Plaintiff Rodriguez is an adult individual who is a resident of Roselle, New Jersey.

11. Named Plaintiff Rodriguez was employed by Defendants from in or about 2008 through in or about April 2018.

12. Named Plaintiff Rodriguez was employed by Defendants full time as a restaurant worker with the title assistant manager, performing duties in furtherance of Defendants' business, including but not limited to, food preparation, cleaning, dishwashing, and cash register duties, from in or about 2015, until April 2018.

13. Named Plaintiff Rodriguez worked in Defendants' Roselle Park, Carteret, Rahway, and

3

Elizabeth restaurants.

**Corporate Defendants**

14. Parade is a New Jersey corporation, formed in or about 2003, with their principal offices located at 105 White Oak Lane, Suite 201-B, Old Bridge, NJ, 08857.

15. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendants**

16. Upon information and belief, individual Defendant Bharat Desai is a New Jersey state resident.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bharat Desai has been an owner, partner, officer and/or manager of the Defendant Parade

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bharat Desai has had power over personnel decisions at the Defendant Parade's business.

19. Defendant Bharat Desai was regularly present at Parade, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Upon information and belief, individual Defendant Mahesh Patel is a New Jersey state resident.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Mahesh Patel has been an owner, partner, officer and/or manager of the Defendant Parade.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant Mahesh Patel has had power over personnel decisions at the Defendant Parade's business.

23. Defendant Mahesh Patel was regularly present at Parade, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

24. Upon information and belief, individual Defendant Bhavesh Patel is a New Jersey state resident.

25. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bhavesh Patel has been an owner, partner, officer and/or manager of the Defendant Parade.

26. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bhavesh Patel has had power over personnel decisions at the Defendant Parade's business.

27. Defendant Bhavesh Patel was regularly present at Parade, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

28. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

29. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

### CLASS AND COLLECTIVE ALLEGATIONS

30. This action is properly maintainable as a collective action pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

31. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

32. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL, as well as all other applicable state laws, by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

33. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 600 employees. In addition, the names of all potential members of the putative class are not known.

34. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

35. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' restaurants.

36. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class lack the

financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

38. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

39. Plaintiffs' claims under the NJWHL, and all other applicable state laws, are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

40. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

<u>FACTS</u>

41. Based upon the information preliminarily available, and subject to discovery, beginning in approximately 2008, and continuing to in or about April 2018, Defendants employed the Named Plaintiff and members of the putative class to perform tasks in furtherance of their restaurant business, including but not limited to, food preparation, cleaning, dishwashing, and cash register duties.

42. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Named Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

43. In or about 2015, Named Plaintiff was given the title of Assistant Manager.

44. Defendants improperly classified Named Plaintiff and members of the putative class as "exempt"; refusing to pay Named Plaintiff and similarly situated employees overtime for the hours that they worked in a work week in excess of forty (40) hours.

45. Further, Named Plaintiff's duties were the same as those employees that she allegedly supervised.

46. Pursuant to Defendants' practice and policy, Defendants regularly improperly deducted wages from Plaintiff and other similarly situated employees.

47.  Named Plaintiff Rodriguez was generally paid the same amount each week, regardless of the number of  hours that she worked.

48.  Named Plaintiff Rodriguez earned approximately $577.00 per week, however, this amount changed as a result of Defendants' improper deductions of pay.

49. Named Plaintiff Rodriguez routinely worked five (5) to seven (7) days per week.

50. Named Plaintiff worked approximately sixty (60) hours per week.

51. Defendants did not properly keep track of Named Plaintiff's time in any way.

52. Named Plaintiff rarely, if ever, worked less than forty (40) hours in a workweek.

53. Named Plaintiff and similarly situated employees were not paid time and one half for their hours worked over forty (40) in a workweek.

54. The Named Plaintiff and other assistant managers in several stores discussed their day to day duties, as are more fully set forth above, their complaints relating to their unpaid overtime, as well as Defendants' unfair time and pay practices.

55. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA the NJWHL, as well as other applicable state laws, as described in this Complaint.

56. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

57. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, applicable provisions of the NJWHL, as well as other applicable state laws, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

58. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

59. Named Plaintiff is entitled to compensation for each of her overtime hours worked each work week.

60. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

61. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

62. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64. As a result of Defendants' willful violations of the Act, Named Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

65. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs above.

66. Defendants' aforementioned conduct is in violation of the NJWHL.  In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendants willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

67. As a direct and proximate cause of Defendants' actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

68. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated employees, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(3) Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated:  January 7, 2019                    Respectfully submitted,

                                /s/ Andrew I. Glenn
                                Andrew  I. Glenn
                                Email: Aglenn@jaffeglenn.com New
                                Jersey Bar No.:  026491992
                                Jodi J. Jaffe, Esquire
                                E-mail: jjaffe@JaffeGlenn.com
                                New Jersey Bar No.: 022351993
                                **JAFFE GLENN LAW GROUP, P.A.**
                                301 N. Harrison Street, Suite 9F, #306
                                Princeton, New Jersey 08540
                                Telephone: (201) 687-9977
                                Facsimile: (201) 595-0308
                                *Attorneys for Named Plaintiff and the Putative*
                                *Class*