UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YARITZA RODRIGUEZ**, and similarly situated individuals,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**PARADE MANAGEMENT LIMITED LIABILITY COMPANY** a/k/a **PARADE ENTERPRISES, LLC,** a/k/a **BURGER KING,** and all other affiliated entities and/or joint employers and **BHARAT DESAI,** individually, **MAHESH PATEL,** individually, and **BHAVESH PATEL,** individually,<br><br>　　　　Defendants.<br>_____<br>**LASHIDA SESSOMS**, and similarly situated individuals,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**PARADE MANAGEMENT LIMITED LIABILITY COMPANY** a/k/a **PARADE ENTERPRISES, LLC,** a/k/a **BURGER KING,** and all other affiliated entities and/or joint employers and **BHARAT DESAI,** individually, **MAHESH PATEL,** individually, and **BHAVESH PATEL,** individually,<br><br>　　　　Defendants. | **Civil Case No: 2:19-cv-00223-ES-SCM** |

### **ORDER GRANTING FINAL SETTLEMENT APPROVAL**

This matter having come before the Court on November 9, 2020, for a scheduled Final

1

Approval Hearing and entry of an Order of Final Approval of Class Action Settlement ("Final Order") as set forth in the Parties' Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), and the Court having overseen the Claims Administrator conduct two mailings informing all Class Members of their right to join this lawsuit, the Court having initially been apprised of the parties settlement on July 27, 2020, the Court having conducted a thorough Fairness Hearing, during which time the parties outlined the procedural history, facts, and applicable law, as well as having considered the Settlement Agreement, the Notice of Settlement, and the Opt-Out Form, submitted by the parties, this Court determines that the Settlement is fair, adequate and reasonable, and otherwise being fully informed and good cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the above-captioned action, the Named Plaintiffs Yaritza Rodriguez and Lashida Sessoms ("Named Plaintiffs"), Defendants, Parade Management Limited Liability Company a/k/a Parade Enterprises, LLC a/k/a Burger King, and all other affiliated entities and/or joint employers and Bharat Desai, Individually, Mahesh Patel, individually, and Bhavesh Patel, individually ("Defendants"), and the Named Plaintiffs, the Opt-In Plaintiffs, and all Class Members who worked as Assistant Managers in New Jersey PARADE locations between January 8, 2013, and the present.

2. Those Class Members that timely return the W4 IRS tax Form shall be entitled to their portion of the Settlement (Qualified Class Member), the formula of which is defined in the parties' Settlement Agreement.

3. Upon execution of this Order, the Settlement Administer shall mail the Notice of Settlement, a W4 IRS tax form, as well as an Opt-Out form ("Notice Packet"), to all Class Members; all documents are attached to the parties' Settlement Agreement

2

filed herewith. This Final Order incorporates the Settlement Agreement, the Notice of Settlement, as well as the Opt-out Form. Unless otherwise provided herein, all capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement. For purposes of this Final Order, the term "Defendants" shall include the Released Parties.

4. Each Class Member shall mail, fax, or email their W4 IRS tax form within sixty (60) days from the date that the Notice packet is mailed by the Administrator (Claims Deadline).

5. A Reminder Notice shall be mailed to Class Members thirty (30) from the initial mailing.

6. If a Notice packet is returned, the Administrator shall perform one skip trace. The Notice packet shall be re-mailed within the sixty (60) day claim period.

7. Notwithstanding the foregoing, no claim shall be submitted more than fifteen (15) days after the Claims Deadline, unless there is written proof of exigent circumstances warranting same and the submission is jointly agreed upon by the parties.

8. A Class Member may Opt-Out of this action by completing the Opt-Out Form, attached to the parties' Settlement Agreement. The Opt-Out Class Member has thirty (30) days from the mailing of the Notice Packet to submit his or her Opt-out Form.

9. This Court approves the Settlement of the above-captioned action on the terms set forth in the parties' Settlement Agreement, including each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Qualified Class Members and the Named Plaintiffs.

10. By this Order, each Named Plaintiff, the Opt-In Plaintiffs, and the Class Members shall be deemed to have, and by operation of the Order, fully, finally, and forever released and discharged the Released Parties (as defined in the Settlement Agreement) as follows:

    a). any and all overtime and other wage claims, obligations, causes of action,

actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, including, without limitation, claims arising under the FLSA, 29 U.S.C. §201, *et.seq.*, and the NJWHL, NJSA §34:11-56a, *et.seq,* arising from January 8, 2013, to the present, including but not limited to those claims which were pled in the Action and/or could have been pled based on the factual allegations, including all claims based on any of the following: (i) an alleged failure to pay straight time wages, overtime wages, or any other wages; (ii) any statutory, constitutional, regulatory, contractual or common law claims for overtime and for any other wages, damages, penalties, liquidated damages, treble damages, interest, attorneys fees or litigation costs ("Released Claims). Notwithstanding anything herein to the contrary, Class Members do not dismiss any and all worker's compensation claims.

    b.)  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: ( i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendants or any of the Released Parties: or (ii) is or may be deemed to be or may be used as an admission of or evidence of any fault or omission of Defendants or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.

11.  The Action is dismissed on the merits and with prejudice as to all Class Members, except those Class Members that properly opt-out of this action, permanently barring the Class Members from prosecuting any of the Named Plaintiffs' and Settling Parties Released Claims.

12.  Any of the Released Parties may file the Order in the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith

settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court finds that the total settlement amount and plan of allocation set forth in the Settlement Agreement is fair and reasonable and that distribution of the Gross Fund to the Named Plaintiffs, Qualified Class Members, Settlement Administrator, and Plaintiffs' Counsel shall be done in accordance with the terms outlined in the Settlement Agreement.

14. Other than Defendants' payments up to January 15, 2021, to the Gross Fund, and if necessary, any additional payments made to the Gross Fund, not to exceed Three Million Nine Hundred Forty-Four Thousand Three Hundred Dollars and Zero Cents ($3,944,300.00), Defendants and Released Parties shall not be required to make any payments in connection with the Settlement, with the exception of the payment of employer payroll taxes, as further delineated in paragraph 23 of this Order.

15. Payments to all Qualified Class Members shall be split up as follows: fifty percent (50%) as W2, and fifty percent (50%) as 1099.

16. Defendants shall continue to fund the Gross Fund on the following dates in the following amounts: $462,500.00 on November 15, 2020; $462,500.00 on December 15, 2020; and $462,500.00 on January 15, 2021.

17. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Named Plaintiffs, the Class Members Plaintiffs'Counsel, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement and this Order. The prevailing party in an action to enforce the terms of the parties' settlement agreement shall be entitled to reasonable attorneys' fees and costs.

18. Because adequate notice will be disseminated and all Class Members will be given

an opportunity to Opt-out of this Action, the Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding, including all Class Members. In addition, the Court has personal jurisdiction over all Class Members with respect to the Action and the Settlement.

19. Distribution of the Class Notice directed to the Class Members, as set forth in the Settlement Agreement, will be completed in conformity with the Settlement Agreement, including disseminating individual notice to all Class Members who can be identified through reasonable efforts. The Class Notice provides due and adequate notice of the proceedings, including the proposed Settlement as set forth in the Settlement Agreement and fully satisfies the requirements of applicable law. The Class Notice also provides due and adequate notice to Class Members of their right to exclude themselves from the proposed Settlement, as well as their right to object to any aspect of the proposed Settlement.

20. The Court hereby finds the Settlement was entered into in good faith and further finds that the Settlement is fair, reasonable, and adequate, and in the best interests of each of the Parties and the Plaintiff Class Members. Named Plaintiffs have satisfied the standards and applicable requirements for final approval of this Class Action Settlement under federal law, including the provisions of Federal Rule of Civil Procedure 23.

21. The Court hereby approves the terms of the Settlement as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to the terms outlined in the Settlement Agreement.

22. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations, for a period of approximately two (2) years. In granting final approval of the Settlement Agreement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in the settlement, the allocation of settlement

proceeds among the Class Members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement Agreement had no obvious deficiencies and did not improperly grant preferential treatment to any individual Class Member. Accordingly, the Court finds that the Settlement Agreement was entered into in good faith. The Court also finds that the Plaintiff Class is properly certified for settlement purposes only.

23. As of the date of this Final Order, the Named Plaintiffs and all Class Members shall be bound by the releases set forth in the Settlement Agreement. Except as to such rights or claims that may be created by the Settlement, all Class Members who do not timely Opt-out are hereby forever barred and enjoined from prosecuting or seeking to reopen the Settled Claims, and any other claims released by the Settlement Agreement against the Released Parties.

24. Neither the Settlement nor any of the terms set forth in the Settlement Agreement are admissions by Defendants, or any of the other Released Parties, of liability on any of the allegations alleged in the Action, nor is this Final Order a finding of the validity of any claims in the Lawsuit, or of any wrongdoing by Defendants, or any of the other Released Parties.

25. The Court hereby confirms Jaffe Glenn Law Group, P.A., as Class Counsel, and finds that Class Counsel has adequately represented the Plaintiff Class for purposes of entering into and implementing the Settlement.

26. The Court hereby finds the Three Million Nine Hundred Forty-Four Thousand Three Hundred Dollars and Zero Cents ($3,944,300.00) Gross Fund to be fair and reasonable. Defendants are required to make all payments necessary to fund the Settlement in accordance with the terms of the Settlement Agreement. Further, in accordance with the

parties' Settlement Agreement, any and all funds that are not claimed by Class Members, shall revert back to Defendants.

27. The Gross Fund is exclusive of Defendants' payroll tax obligations in connection with payments under the Settlement Agreement. In this regard, all applicable Federal, State, and local employer payroll taxes shall be paid by Defendants in addition to the Gross Fund.

28. Pursuant to the terms of the Settlement, and the authorities, evidence, and argument set forth in Class Counsel's application, an award of attorneys' fees and expenses in the total amount of One Million One Hundred Seventy Thousand Dollars and Zero Cents ($1,170,00.00), as well as Thirty Thousand Dollars and Zero Cents ($30,000.00), as final payment for and complete satisfaction of any and all attorneys' fees and expenses incurred by and/or owed to Class Counsel is hereby granted. However, separate and apart from the aforementioned attorneys' fees and costs, the prevailing party in an action to enforce the terms of the Settlement Agreement shall be entitled to reasonable attorneys' fees and costs. The Court finds that the approved amount of Class Counsel's request falls within the range of reasonableness and that the result achieved justifies the award; the attorneys' fees being thirty percent (30%) of the recovery. The payment of fees and costs to Class Counsel shall be made from the Gross Fund in accordance with the terms of the Settlement Agreement.

29. The Court also hereby approves, and orders payment to Named Plaintiff Yaritza Rodriguez in the amount of $7,500.00, and to Named Plaintiff Lashida Sessoms in the amount of $7,500.00, for their services as class representatives and as consideration for providing a general release and waiver of right to reemployment. Payment of these class representatives' incentive awards shall be made from the Gross Settlement Fund in accordance with the terms of the Settlement Agreement.

30. The Court further approves the payment of Sixty Thousand Dollars and Zero Cents ($60,000.00) to Arden Claims, the Settlement Administrator in this action, to

cover the costs of administration as provided for in the Settlement Agreement. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement Agreement.

31. The Court approves a reserve fund in the amount of Sixty Thousand Dollars and Zero Cents ($60,000.00) set aside for claims made by Class Members who have not been properly accounted for, but are owed settlement monies.

32. The Court finds the funding of the Gross Fund under the Settlement Agreement to be fair and reasonable. Accordingly, the Court approves and orders the calculations and the payments to be made and administered to the Class Members in accordance with the terms of the Settlement Agreement.

33. If the Settlement does not become final in accordance with the terms of the Settlement Agreement, then this Final Order and all orders entered in connection herewith, including the accompanying Judgment, shall be rendered null and void and shall be vacated.

34. Without affecting the finality of the Settlement or accompanying Judgment, this Court shall retain exclusive and continuing jurisdiction over the parties, including all Class Members, relating to the Action and the administration, consummation, enforcement and interpretation of the Settlement Agreement, this Final Order, and for any other necessary purpose.

35. With respect to Class Members, any and all disputes and claims alleged in the Complaint and any and all claims released in the Settlement Agreement, including the Settled Claims, are hereby dismissed with prejudice.

36. All Plaintiffs and Class Members agree that they may not contact the media regarding all negotiations surrounding this Agreement and the terms of this Agreement. All Plaintiffs and Class Members agree that they may not post on social media regarding all negotiations surrounding this Agreement and the terms of this Agreement. Plaintiffs' counsel will give the Named Plaintiffs these instructions and the Class Administrator will advise Class Members of same.

37. The terms of the Settlement Agreement and this Final Order are binding on the Named Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceeding maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings constitute Released Claims as set forth in the Settlement Agreement, except as they pertain to those Class Members that Opt-out of this action.

38. The Parties are hereby authorized, without needing further approval from the Courts, to agree and adopt such amendments to, and modifications and expansions of the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Order.

39. Neither this Final Order and accompanying Settlement Agreement (no any other document referred to herein, nor any action taken to carry out this Final Order) is, may be construed as, or may be used as, an admission or concession by or against Defendants or the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession as to Defendants' denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative

agency, or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Final Judgment and the Settlement Agreement; provided, however, that this Final Order and the accompanying Settlement Agreement may be filed in any action against or by the Defendants or the released parties to support a defense of res judicata, collateral estoppel, release, waiver, good faith settlement, judgement bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

IT IS SO ORDERED:

Dated: 12-4-2020

*Steve Mannion, USMJ*
Hon. Steven Mannion
U.S.M.J.